# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRISTI HOESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 7615 |
| | ) |
| SAFETY PARTNERS, LTD., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Safety Partners, LTD.'s (SPL) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

In February 2012, Plaintiff Kristi Hoese (Hoese) allegedly began working for SPL as an Administrative Assistant. When Hoese began her employment with SPL, she allegedly signed an employment agreement (Employment Agreement), which contained a non-compete provision and a non-solicitation provision. In December 2012, SPL allegedly promoted Hoese to a Retail Store Manager position in a store in Indiana. Hoese claims that as a Retail Store Manager she was only responsible for selling products at the Indiana location. Hoese further claims that she never worked

1

at an Illinois location and never called SPL customers in Illinois. In August 2013, Hoese allegedly submitted a letter of resignation at SPL, and accepted a position as an Outside Sales Specialist with Airgas On-Site Safety Services, Inc. (Airgas), which is a competitor of SPL. Hoese claims that when performing her job with Airgas she does not sell any products, nor deal with any customers in Indiana. Hoese contends that in her job with Airgas she only sells certain safety consulting services that she did not deal with at SPL. In September 2013, SPL allegedly sent Hoese a Cease and Desist Letter informing her that her acceptance of the position with Airgas constituted a violation of her Employment Agreement. In October 2013, SPL again sent a Cease and Desist Letter to Hoese threatening to initiate litigation against Hoese. Hoese contends that SPL has not enforced the terms of the Employment Agreement in regard to other SPL employees that left SPL to work for other companies and that SPL, by failing to take action as to the other employees, waived its right to enforce the terms of the Employment Agreement. Hoese brought the instant action and seeks a declaratory judgment stating that the restrictive covenants in the Employment Agreement are void and unenforceable, and, in the alternative, a declaratory judgment stating that her employment with Airgas does not violate the terms of the Employment Agreement. SPL now moves to dismiss the instant action based on a lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to

dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

**DISCUSSION**

SPL argues that the case should be dismissed for lack of subject matter jurisdiction, contending: (1) that there are insufficient allegations in the amended complaint relating to the amount in controversy, (2) that no case or controversy exists in this case, and (3) that Hoese has no damages and thus the amount in controversy requirement is not met in this case.

I. Allegations Relating to Amount in Controversy

SPL contends that there are not sufficient facts alleged in the amended

3

complaint relating to the amount in controversy. In the amended complaint, Hoese presents various facts relating to her employment with SPL and Airgas, and asserts that "the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs." (A. Compl. Par. 5). It is the burden of a plaintiff who brings an action in federal court to show that the amount in controversy is met. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)(explaining that "the proponent of federal jurisdiction" has "the burden of persuasion on the amount in controversy"). However, there is no rule that requires a plaintiff to provide extensive facts in the complaint relating to the amount in controversy. If from a review of the "face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount [that is, an amount required to maintain a diversity suit] claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . . the suit will be dismissed." *El v. AmeriCredit Financial Services, Inc.*, 710 F.3d 748, 752-53 (7th Cir. 2013)(internal quotations omitted)(quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). SPL has not shown that it is a legal certainty that Hoese cannot recover in excess of $75,000 in this case. Hoese includes specific facts in her amended complaint suggesting that the amount in controversy is met. For example, Hoese alleges that SPL had sent a Cease and Desist Letter telling Hoese she could not continue in her job at Airgas and that the "annual target compensation" for the job at Airgas was $78,571.00. (A Compl. Par. 29, 30, 37). Hoese also alleges that SPL sought to bar Hoese from employment at Airgas for the two-year period specified in

the Employment Agreement. (A. Compl. Par. 8, 9, 30, 37, 38). Thus, Hoese suggests that she could potentially suffer $150,000 or more in damages if she is not granted the requested declaratory relief in this case. In addition, when subject matter jurisdiction is challenged by a defendant, a plaintiff should ordinarily be given the opportunity to present evidence to show that the amount in controversy is met. *See, e.g., McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). Nothing barred Hoese from presenting additional evidence and facts beyond the allegations in the complaint and the amended complaint to establish that the amount in controversy requirement is met in this case. *See, e.g., Sapperstein*, 188 F.3d at 855-56. Hoese in her brief has presented additional arguments and pointed to facts in the complaint and exhibits that show that the amount in controversy is met. Thus, SPL has not shown that any pleading deficiencies on the face of the amended complaint warrant dismissal for lack of subject matter jurisdiction.

II. Case or Controversy

SPL argues that this case should be dismissed because no case or controversy existed at the time that the amended complaint was filed. SPL claims that on December 23, 2013, it notified Hoese that it would not object to Hoese's continued employment at Airgas and it would not seek to enforce the terms of the Employment Agreement against Hoese. (Mot. 3). However, Hoese disputes SPL's contention that it has offered Hoese all the relief that she seeks in the instant action. For example, Hoese seeks as relief in the instant action the attorneys' fees she has incurred thus far

5

in this case, which Hoese contends she would be entitled to recover under the terms of the Employment Agreement as a prevailing party. (A Compl. 12). Thus, Hoese has not been offered all relief sought in the amended complaint. In addition, other than a conclusory assertion by SPL in its motion that it would not seek to enforce the terms of the Employment Agreement, SPL has not shown that it has agreed to enter into any sort of formal settlement or made any formal offer of judgment to Hoese. Thus, SPL has not shown that Hoese's claims in this case are entirely moot. Therefore, SPL has failed to show that a case or controversy does not exist in this case.

III. Amount In Controversy

SPL argues that the amount in controversy is not met in this case because Hoese "had no damages whatsoever." (Mot. 2). One requirement for diversity subject matter jurisdiction is a showing by the party invoking federal jurisdiction that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). If the amount in controversy requirement is not contested, the court must accept that the requirement is met "unless it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian*, 567 F.3d at 844 (internal quotations omitted)(quoting *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995)). If the requirement is contested by the defendant, "the plaintiff must support its assertion with competent proof" and "must prove the jurisdictional facts by a preponderance of the evidence." *McMillian*,

567 F.3d at 844 (internal quotations omitted)(quoting *Rexford*, 58 F.3d at 1218 and *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

SPL argues that Hoese does not allege that she suffered any monetary damages and is not seeking any monetary damages as relief in this case. However, Hoese is not barred from bringing this case based on diversity subject matter jurisdiction simply because she seeks only declaratory relief. The Seventh Circuit has explained that "[i]n suits seeking the equitable remedies of an injunction or a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation," which is defined as the "'pecuniary result' that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment." *America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). As explained above, in this case Hoese is seeking a declaration that would prevent SPL from depriving Hoese of over $150,000 in salary over the course of two years. Such an amount exceeds the amount in controversy threshold.

SPL also contends that it is no longer seeking to enforce the terms of the Employment Agreement against Hoese. However, the amount in controversy in a case is assessed based on the circumstances when the case is brought in federal court. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006)(stating that "[t]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins"); *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997)(finding that "at the time [the plaintiff] filed its

declaratory judgment action, the amount in controversy exceeded" the required amount). The instant action was initially dismissed on December 15, 2013, due to deficiencies in naming the citizenship of the partes, but the court did not require Hoese to file a new action. Instead, Hoese submitted a proposed amended complaint along with a motion to reinstate, and the case was reinstated on January 7, 2014. For jurisdictional purposes, it was as though the case had never been dismissed. The determinative date for the amount in controversy thus remains the initial filing date on October 23, 2013. The subsequent offer of settlement by SPL did not act to reduce the amount in controversy and deprive a court of subject matter jurisdiction. *See Grinnell Mut. Reinsurance Co.*, 121 F.3d at 1117 (stating that "subsequent events do not affect a federal court's diversity jurisdiction at all" and that "[b]ecause the amount in controversy in this case exceeded the jurisdictional amount when [the plaintiff] filed suit, the fact that the amount in controversy subsequently fell below that amount was not a jurisdictional defect"); *see also Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)(indicating that a "subsequent amended complaint," is not "considered for jurisdictional purposes"). The offer by SPL not to enforce the terms of the Employment Agreement after this action was filed did not alter the amount in controversy that existed at the beginning of this case. Hoese has shown that the amount in controversy requirement is met in this case. The court also notes that SPL was given an opportunity to file a reply brief to rebut any of the assertions made by Hoese as to the issue of subject matter jurisdiction in this case and SPL filed no reply brief. Therefore, SPL's motion to dismiss is denied.

This case will proceed to the discovery stage and then both parties will be given an opportunity to move for summary judgment.

## CONCLUSION

Based on the foregoing analysis, SPL's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 15, 2014